## Roncace v. Marchigiani Home Assn. et al.

*Harry F. Hauser*, for plaintiff.

*Ralph J. Rinalducci* and *S. Thomas Bulfamonte*, for defendants.

KNIGHT, P. J., June 19, 1937.—The bill avers that plaintiff is the owner of one share of stock of the Marchigiani Home Association, a business corporation, and that defendants are officers and directors of said corporation. The bill further avers that the share of plaintiff was pledged to defendant corporation, as collateral security for a loan of $300, on which loan plaintiff has paid $108 on account of principal and interest.

The bill complains that the directors have denied to plaintiff his just rights as a stockholder; that they have refused to recognize him as a stockholder; that they have failed to give him the notices required to be given by law of meetings of stockholders; and that defendants have fraudulently attempted to convey away the real estate of the corporation without notifying plaintiff of any meeting of stockholders called for the purpose. Plaintiff asks that defendant be enjoined from disposing of the assets of the corporation, and that all acts of the stockholders and directors taken at any meeting from which plaintiff was excluded be declared null and void.

This bill was filed on May 25, 1936, but there is nothing on the record before us to show that it was served on any of defendants.

On July 23, 1936, Ralph J. Rinalducci entered a special appearance for the corporation and all defendants. One month later, August 23d, defendants filed what they term an answer in the nature of a plea. This pleading set forth that the officers and directors of defendant corporation filed articles of dissolution as provided by the act on May 21, 1936, and that such articles were approved, and a certificate of dissolution issued by the Department of State of the Commonwealth on July 6, 1936.

The pleading further avers that all debts and obligations of the corporation were paid, or adequately provided for, prior to the dissolution of the corporation, and the remaining property divided among the shareholders. In short, defendants aver the corporation is dead, and therefore cannot be made a party to this action.

In this form, bill and answer in the nature of a plea, the matter came before the argument court. The first question before us is to determine whether we should consider the pleading filed by defendants at all. True, there is no motion to strike it from the record, but if it is filed in violation of the equity rules its informality should not be approved by the court.

Counsel for defendants correctly state in their brief that the pleading filed by them is in effect a plea in abatement. We cannot receive it as a plea, however, for pleas were abolished by Equity Rule 15. It is urged that we may consider the pleading as an answer raising preliminary objections under Equity Rule 48.

In the first place, the pleading is not accompanied by an affidavit that it is not interposed for the purpose of delay, as required by rule 48.

In examining the reasons for which an answer raising preliminary objections to the bill may be filed, we find but one that might possibly sustain the pleading as an answer under rule 48. This is the seventh reason set forth in the rule, as follows:

". . . for any other reason defendant should not be required to answer the facts averred since he has a full and complete defense to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it."

The facts set forth in defendants' pleading will require evidence to sustain them, for we may not take judicial notice of the acts of the State Department in dissolving corporations. We are therefore of the opinion that we cannot consider the pleading filed by defendants, but that they should be given an opportunity to answer on the merits.

We will not, at this time, decide the interesting legal question raised by the informal pleading of defendants, but if the facts set forth therein are true we have grave doubts as to the validity of plaintiff's case, for the following reasons:

There is a serious question if section 1111 of the Business Corporation Law of May 5, 1933, P. L. 364, providing for the survival of remedies after dissolution, applies to an action such as this. That section provides remedies given against a corporation, its directors or stockholders, "for any liability incurred prior to such dissolution", if

such is commenced within two years after the date of such dissolution. The word "liability" seems to imply a debtor and creditor relationship, and does not contemplate a proceeding by one stockholder to enforce his recognition as such.

It may be also gravely questioned if a corporate act of the stockholders may be set aside simply because the holder of one share of the stock did not receive legal notice of the meeting at which such action was taken.

It seems to us that the only question of merit raised by the bill is the determination whether plaintiff is a stockholder of defendant corporation and entitled to share in the distribution of its assets. Before deciding this question, defendants should be given an opportunity of filing an answer to the merits.

And now, June 19, 1937, the answer of defendants in the nature of a plea is stricken from the record, and defendants are allowed 15 days from this date to file a pleading under Equity Rule 48 or to answer on the merits of the bill.